RECEIVED
2014 JAN 22 P 7:22
U S DISTRICT COURT SDNY

AFFIRMATION IN OPPOSITION

Beverly A. Riddle,
Plaintiff

v.

Citigroup, Citibank NA, Citi,
Citigroup Global Markets.

Defendants

**Docket Number 13 cv 6833 (AKH)**

# PLAINTIFF'S AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

JAN 23 2014
PRO SE OFFICE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 1/22/2014

I, Beverly A. Riddle affirm under penalty of perjury that:

1. I, Beverly A Riddle, am the plaintiff in the above-entitled action and respectfully submit this Affirmation in Opposition to the Defendants Citigroup et al's Motion to Dismiss.

2. I have personal knowledge of facts of which bear on this motion because I am the Plaintiff in this case.

3. Defendants' motion should be denied in its entirety because:

a. The facts and evidence demonstrate that Citigroup failed to hire Riddle in 2010 because of Riddle's prior 2008 EEOC Complaints and 2009 SDNY Complaints. And as of this writing Citigroup continues to deny Riddle employment (Compl. Pgs 1-10 ¶¶1-21 & ¶¶I-IV)

b. The facts and evidence demonstrate that Riddle was qualified for the Citigroup Executive/Administrative Assistant jobs that she applied to in October 2010, November 2010 and December 2010, Riddle has over 25 years of Executive Administrative Assistant experience, see Riddle Reference Letters, (Compl. 3-3d)(Riddle Opp. Exhs. 9-17) Riddle holds a Bachelor of Science Degree, (Compl. Exh.2)(see Defs MTD - Exh. A Doc. 11-1 Pg 6 ¶ )

c. The facts and evidence demonstrate that Riddle identified the jobs that she applied for in

October 2010, November 2010 and December 2010 which are identified by Citigroup job numbers and job titles, (Riddle Opp. Exhs 5-8. ) (Defs MTD – Exh A Doc.11-1 Pg 6), Defendants have copies of the Citigroup jobs identifying the job titles and job application numbers and identifying the exact jobs that Riddle applied to at Citigroup and the status of Riddle's job applications whereby all of those documents and information are discoverable.

d. The facts and evidence demonstrate that in 2010 after Riddle's 2008 EEOC Complaints and 2009 SDNY Complaints the Citigroup Hiring Managers were negatively influenced by Citigroup's Human Resources Department and the Legal Department in regards to not hiring Riddle (Defs EEOC Ans) (Discoverable documents and names of the Hiring Managers and Resources Managers which will further prove Riddle's claims are in the custody and control of the Defendants).

e. The facts and evidence demonstrate that Riddle was denied employment while others not in the protected class and protected activity received the privilege of being hired. (Discoverable documents which will further prove Riddle's claims by identifying those applicants who were hired are in the custody and control of the Defendants, and are discoverable.(Compl. Pgs 1-10 ¶¶1-21 & ¶¶I-IV)

f. The facts and evidence demonstrate that Citigroup failed to hire Riddle because of her complaints, where Citigroup had a problem with Riddle filing complaints which Citigroup documented there opposition to Riddle's complaints in their pleadings to SDNY and to EEOC (Defs EEOC Ans ) and (Defs MTD Doc. 10 ¶II, A Pg 6)(Discoverable documents which will further prove Riddle's claims are in the custody and control of the Defendants).

g. The facts and evidence demonstrate that in October 2010, November 2010, and December 2010, Riddle applied to Citigroup Executive/Administrative Assistant positions which she is qualified for and are identified as: Job# 10030921-Administrative Assistant, Job# 10031129- Executive Assistant, Job#100030930-Administrative Assistant Global Banking Healthcare, Job#10031387-

Administrative Coordinator -CPR, Job# 10027087-Executive Assistant, Job# 10038020-Executive Assistant, Job# 10034776-Senior Assistant-Global Banking, Job#10035841-Administrative Assistant, Job# 10036593-Senior Assistant, Job# 10037422-Executive Assistant, see additional evidence of Citigroup jobs that Riddle applied to which are identified in (Riddle Opp. Exhs. 5-8). By Defendants' own admission Riddle is qualified for the jobs that she applied to. (Compl. Exhs 3b ,3c) (Riddle's Annual Job Performance Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs).

h. The facts and evidence demonstrate that Riddle have stated plausible claims for relief as to the failure to hire, discrimination, retaliation, age, gender, and disability. (Compl. Pgs 1-10 ¶¶1-21 & ¶¶I-IV)

i. The facts and evidence demonstrate that the Defendants have been given fair notice of what Riddle's claims are in that they have acknowledged what Riddle claims are and whereby Citigroup answered the same claims to EEOC and were able to file a motion to the SDNY challenging Riddle's facts and claims but failed to request information in accordance with FRCP Rule 12(e) but instead presented to this Court a Motion to Dismiss, which was filed in bad faith.(see Defs MTD - Exh. A Docs. 9-11-1).

In view of the foregoing, it is respectfully requested that the Defendants' Motion to Dismiss should be denied in its entirety.

I declare under penalty of perjury that the foregoing is true and correct.

Beverly A. Riddle

Beverly A. Riddle
Plaintiff, Pro Se
315 Seventh Avenue 8E
New York, NY 10001
646-422-9759 and 212-539-3026

January 17, 2014
New York, NY

Riddle v. Citigroup et al.
13 cv 6833 (AKH)



RECEIVED
2014 JAN 22 P 7:22
U S DISTRICT COURT SDNY

Beverly A. Riddle,
Plaintiff

v.

Citigroup, Citibank NA, Citi,
Citigroup Global Markets.
Defendants

**Docket Number 13 cv 6833**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

MEMORANDUM OF LAW

# Table of Contents


| | |
|---|---|
| **Affirmation in Opposition......** | **1-3** |
| **Table of Contents......** | **5** |
| **Table of Authorities......** | **6** |
| **Statutes & Rules......** | **6** |
| **I. PRELIMINARY STATEMENT......** | **7** |
| **II. PLAINTIFF'S OPPOSITION TO DEFENDANTS' RELEVANT...... PROCEDURAL AND FACTUAL BACKGROUND STATEMENT** | **7** |
| **A. Plaintiff's Engaging in Protected Activity by Exercising ...... Her Rights to be Free From Retaliation and Discrimination Should Not Be a Cause for Further Retaliation** | **7** |
| **B. Riddle filed an EEOC Charge in 2011 after Citigroup Failed...... to Hire Riddle for Advertised Jobs Which She had Applied tor and Which Citigroup Continued to Advertise** | **8** |
| **In opposition to Defendants' Footnote 1 page 7......** | **8** |
| **In opposition to Defendants' Footnote 2 page 7......** | **8-9** |
| **C. Riddle's Complaint 13 cv 6833 (AKH)......** | **9-11** |
| **III. ARGUMENT** | **11-19** |
| **A. Standard of Review......** | **11** |
| **B. Riddle has Alleged Facts Sufficient to Give Rise to an Inference of... Discrimination and Riddle's Complaint States Plausible Claims for Unlawful Failure to Hire** | **11-12** |
| **1. The evidence demonstrates that Riddle is qualified for the ...... positions of which she applied to and of which Citigroup denied her** | **13-15** |
| **2. Riddle has presented evidence that gives rise to the fact that her ...... application were rejected under circumstances giving rise to an inference of discrimination and retaliation** | **15-16** |
| **C. The Evidence Show that Riddle has Supported her Claim for ...... for Retaliation and Riddle's Retaliation Claim is Plausible** | **16-19** |
| **In opposition to Footnote 4 page 19......** | **18** |
| **In opposition to Footnote 5 page 20......** | **18** |
| **IV. PLAINTIFF REQUESTS AN OPPORTUNITY TO PROCEED WITH HER...... CASE AND ENGAGE IN DISCOVERY IN ACCORDANCE WITH FRCP RULES 26 THROUGH 37** | **19-20** |
| **Conclusion......** | **20** |
| **Certificate of Service......** | **21** |

## Table of Authorities


| | |
|---|---|
| Burdine v. Texas Dept. of Community Affairs,608 F.2d 563 (5th Cir. 1979) | 13 |
| Burlington Northern & Santa Fe Ry, v. White 548 U.S. 53 (2006). | 18 |
| Coles v. Deltaville, 2011 WL 666050 (ED Va. 2011) | 17 |
| Cronin v. St. Lawrence 2009 WL 2391861 (SDNY Aug 5, 2009) | 16 |
| Devine v. Whelan 1993 W.I. 350049 *3 (SDNY 1993) | 7,8, 13, 16, 17 |
| EEOC v. Atsalis Bros. Painting Co., Civil Action No. 11-cv-11296 (E.D. Mich. Mar. 9, 2012) . | 17,19 |
| EEOC v. Bankers Asset Management, Inc., No. 4:10-CV-002070-SWW (E.D. Ark. Apr. 18, 2012 | 17,19 |
| EEOC v. Target Corp., 460 F.3d 946 (7th Cir. August 23, 2006) | 17, 19 |
| Hicks v. Forest Preserve District of Cook County, Illinois, No. 11-1124 (7th Cir. April 18, 2012) | 17 |
| Kessler v. Westchester County Dept of Social Service 461 F.3d 199, 205-206 (2d Cir. 2006) | 7,8,13, 17 |
| McKenna v. City of Philadelphia, No. 09-3567 (3d Cir. Aug. 17, 2011) | 9,10, 16,17 |
| Robinson v. Shell Oil CO. 519 U.S. 337, 117 S Ct. 843, 136 L. Ed. 2D 808 (1997) | 18 |
| Templeton v. First Tennessee Bank 2011 W.I. 1525559 (4th Cir. April 22, 2011) | 18 |
| Warth v. Seldin, 422 U.S. 490, 501 (1975) | 11 |
| Williams v. Department of Veterans Affairs, EEOC Appeal No. 07A20076 (September 22, 2003) | 13 |


## Statutes and Rules


| | |
|---|---|
| FRCP Rule 11(b) | 7-9, 13-14,18 |
| EEOC Compliance Manual 8-II(C)(4) | 7, 16 |
| FRCP Rule 8(a) | 11 |
| FRCP Rules 26-37 | 9,18, 19 |
| 14th Amendment | 7 |
| FRCP Rule 26 | 8 |
| Title VII, Discrimination and Retaliation | 17-19, Passim |
| ADA, Age, Gender, Discrimination | Passim |

## I. PRELIMINARY STATEMENT

I, Beverly A. Riddle appearing Pro Se, hereby oppose Defendants' Motion to Dismiss. Defendants have Riddle's date of birth incorrect, the correct date of Riddle's birth is August 19, 1957. Riddle's complaint (herein incorporated by reference) gives fair notice to the Defendants and has overwhelming facts to substantiate all of Riddle's claims which are plausible and which seeks relief. (Compl. ) (Compl. Exhs. 1-4a) Defendants motion to dismiss is made in bad faith. (see FRCP Rule 11(b), Accordingly, Riddle's Complaint should be allowed to proceed.

## II. PLAINTIFF'S OPPOSITION TO DEFENDANTS' RELEVANT PROCEDURAL AND FACTUAL BACKGROUND STATEMENT

### A. Plaintiff Engaging in Protected Activity by Exercising her Rights to be Free From Retaliation and Discrimination Should Not Be a Cause for Further Retaliation.

See *Kessler v. Westchester County Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993). see *EEOC Compliance Manual 8-II(C)(4)* ("A violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer".). Despite Defendants' contention, Riddle filed her EEOC case in 2008, only after she discovered that Citigroup fraudulently induced Riddle to sign a Release. The Defendants has mislead this court as that case was dismissed as time-barred and the 2nd Circuit then remanded that case back to the SDNY. (FRCP Rule 11(b), Riddle's current case is an entirely different case and Riddle should not be prejudiced by Defendants misleading, unsupported and conclusory statements to this Court. (FRCP Rule 11(b), (14th Amendment) As the instant case is clearly a separate case with sufficient facts to state a claim for relief against the Defendants whereby Citigroup has acknowledged Riddle's claims because in their Motion to Dismiss they have challenged the facts in Riddle's Complaint. (Defs MTD).

**B. Riddle Filed an EEOC Charge in 2011 after Citigroup Failed to Hire Riddle for Advertised Jobs Which She had Applied to and Which Citigroup Continued to Advertise**

Riddle filed an EEOC Charge in 2011 only after Citigroup failed to hire Riddle for advertised jobs which she had applied to. Citigroup then continued to advertise for those same jobs after Citigroup failed to hire Riddle despite her qualifications for those jobs. (Compl. Pgs 5 ¶¶6-9) (Riddle Opp. Exhs 9-17).(Riddle's Annual Job Performance Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs) Defendants are again misleading this Court (FRCP Rule 11(b), as the evidence demonstrates that numerous jobs were solicited by Citigroup through advertisement on different job sites, to name a few, Careerbuilder, Indeed, Hotjobs, Monster, additionally, the evidence show that Citigroup advertised jobs on their own company website, whereas Riddle applied for the solicited jobs. (Riddle Opp. Exhs 5-8). Citigroup has custody and control of the jobs list that they solicited through advertising which are discoverable and Citigroup has a duty to disclose those documents in accordance with FRCP Rule 26.

**In opposition to Defendants' Footnote 1 page 7**

Citigroup is seemingly suggesting that this Court should penalized Riddle for protecting her rights to be free from retaliatory and discriminatory practices. See *Kessler v. Westchester County Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" (see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993). (See *EEOC Compliance Manual 8-II(C)(4)* ("A violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer".)

**In opposition to Defendants' Footnote 2 page 7**

The detailed information of race, age, and gender and the application documents of the applicants who were interviewed and hired over Riddle are in the custody and control of the Defendants and those documents are discoverable and those documents will further prove Riddle's claims. The court can

judicially notice that Citigroup has custody and control of these documents which are discoverable.

C. **Riddle's Complaint 13 cv 6833 (AKH)**

Defendants pled to EEOC in their EEOC Answer about the number of Citigroup jobs Riddle applied to however in contrast here to this Court, Defendants are challenging the facts that Riddle even applied to Citigroup jobs. (Defs EEOC Ans.)(Defs MTD Doc 10 Pg 8). Riddle has identified the jobs that she had applied to and by Defendants own admission Riddle applied to numerous jobs. (Defs EEOC Ans.) Some of the Citigroup jobs that Riddle applied to are Job# 10030921-Administrative Assistant, Job# 10031129- Executive Assistant, Job#100030930-Administrative Assistant Global Banking Healthcare, Job#10031387-Administrative Coordinator -CPR, Job# 10027087-Executive Assistant, Job# 10038020-Executive Assistant, Job# 10034776-Senior Assistant-Global Banking, Job#10035841-Administrative Assistant, Job# 10036593-Senior Assistant, Job# 10037422-Executive Assistant (Compl Pg.5 ¶¶4-7) (Riddle Opp. Exhs. 5-8). Additionally, Citigroup has custody and control of the documents identifying the jobs that they solicited through advertising that Riddle applied to and those documents and information are discoverable.(FRCP Rules 26-37).

Defendants' conclusory statement that Riddle did not meet the qualifications for those jobs is unsupported by any evidence (FRCP Rule 11(b) and Riddle overwhelming evidence refute Defendants' contentions, Furthermore Defendants' contention is contradictory to their own admissions. (Defs EEOC Ans.) (Compl. Exhs 3b, 3c) (Riddle's Annual Job Performance Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs). Here, Riddle's experience and qualifications are supported by the overwhelming evidence whereby Riddle holds a Bachelor of Science Degree and have worked in the Executive/Administrative field for over 25 years with job references from Citigroup and other companies and the evidence show that Riddle is well qualified for the positions of which she applied to at Citigroup. Additionally, Citigroup has custody and control of the jobs that they solicited through advertising that Riddle applied to, those documents and information

are discoverable.

Defendants would have this Court believe that the Hiring Managers were not made aware of Riddle's Complaint however the evidence show that Defendants are again misleading this court with contradictory statements (Defs EEOC Ans). Again, Citigroup has custody and control of Riddle's job applications for the jobs that Riddle applied to and the results of Riddle's job applications to the different Hiring Managers and Human Resources Managers for each department, which are discoverable by the Rules. Using the Cat's Paw Theory, it is Riddle's contention supported by the evidence pled in Defendant's EEOC Answer and MTD, Riddle contends that the Hiring Managers and HR Managers were influenced by the Citigroup's Legal Department (M. Mintz & Legal team) and Human Resources Department (A.Levy & HR team). See *McKenna v. City of Philadelphia,* No. 09-3567 (3d Cir. Aug. 17, 2011), (The Third Circuit held that, where the plaintiff seeks to hold an employer liable for the improper motives of a non-decisionmaker, the burden shifts from the plaintiff to the employer to prove that the decision was not substantially caused or influenced by the biased non-decisionmaker.) In *Hicks v. Forest Preserve District of Cook County, Illinois*, No. 11-1124 (7th Cir. April 18, 2012), (the Seventh Circuit upheld a jury's finding that a forest preserve district violated Title VII of the Civil Rights Act of 1964 when it retaliated against a mechanic because he engaged in protected activity.) In the instant case, there are Discoverable job application documents with names of the Hiring Managers and Human Resources Managers for those Executive/ Administrative Assistant Citigroup's jobs that Riddle applied to which will further prove Riddle's claims, those documents and information are in the custody and control of the Defendants and are discoverable.

The Defendants self-serving and conclusory statements should not weigh on the fact that Riddle applied for open positions at Citigroup and it is a fact that Citigroup failed to hire Riddle because of her past complaints of failure to hire, race, disability, age discrimination and retaliation which are

supported by the evidence and Riddle should get the chance to obtain other evidence through Discovery. Despite Defendants' self-serving contention, this is clearly a separate case with different issues and Riddle's claims are plausible and are enough to raise a right to relief as already admitted to by the Defendants. (Defs MTD). According to the rules Riddle's Complaint should continue and Defendants' Motion to Dismiss should be denied in its entirety.

## III. ARGUMENT

### A. Standard of Review

See *Warth v. Seldin*, 422 U.S. 490, 501 (1975). In 12(b)(6) motions, the Court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." A complaint need only set forth "a short and plain statement . . showing that the pleader is entitled to relief." FRCP Rule 8(a)(2). In accordance with FRCP Rule 8(a) (2), the complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Riddle's Complaint clearly complies with the standard of *Twombly* and those items in the FRCP 8(a)(2).

### B. Riddle Has Alleged Facts Sufficient to Give Rise to an Inference of Discrimination and Riddle's Complaint States Plausible Claims for Unlawful Failure to Hire

See *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). (As the U.S. Supreme Court has stated: "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims.........") In the instant case, by Citigroup's own actions, it demonstrates that fair notice was given whereby Citigroup acknowledges and have challenged the facts in Riddle's claims which show that Riddle has clearly alleged enough sufficient facts to state claims against Citigroup and upon which relief can be granted. (Compl. Pgs 1-10 ¶¶1-21 & ¶¶I-IV) (Compl. Exhs.1-4a) (Defs MTD) (FRCP Rule 8(a) (2). In accordance with the Discovery Rules, FRCP Rules 26-37, through Discovery, Riddle can further prove through direct and circumstantial evidence that the

Defendants engaged in discrimination against Riddle during the hiring process in October 2010, November 2010 and December 2010. Defendants' motion should be denied in its entirety because Plaintiff's Complaint also gives the Defendants fair notice of what the claims are and the grounds upon which it rests (Compl. Pgs 1-10 ¶¶1-21 & ¶¶I-IV) (Compl. Exhs. 1-4a) and Riddle's Complaint complies FRCP Rule 8 (a)(2). Also Riddle's claims satisfied the standards set out in *Twombly.* (Compl. ) (Compl. Exhs. 1-4a) (Riddle Opp. Exhs 5-17) (Defs MTD, Doc. 10) (Defs MTD, Doc. 11-1, Exh. A, Pg 6 – which Defendants acknowledge and is herein incorporated by reference). Riddle is an African American female with over 25 years in the Administrative field and is well qualified for the Citigroup jobs of which Riddle applied to but was not hired despite her qualifications.(Compl. Exhs.3a 3b,3c, 3d, (Riddle Opp. Exhs 1-17).

See *Kessler v. Westchester County Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" (see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993). (See *EEOC Compliance Manual 8-II(C)(4)* ("A violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer".) In the instant case, there are Discoverable documents which identifies the Hiring Managers and Human Resources Managers who were the decisionmakers during the application and hiring process, those documents which are discoverable, will further prove Riddle's discrimination claims, whereas those documents and information are in the custody and control of the Defendants. A fact finder could infer that despite Riddle's experience and qualifications for the open Citigroup jobs that the reasons Citigroup failed to hire Riddle is because of discriminatory reasons on the basis of Riddle's race, age, gender and disability.

There is not one nondiscriminatory reason that Citigroup can articulate to this Court that would dispute Riddle's claims of failure to hire, race, age, gender, and disability discrimination during her job

applications to be hired at Citigroup. *Burdine v. Texas Dept. of Community Affairs,* 608 F.2d 563 (5th Cir. 1979) (Defendants bears the burden of proving by a preponderance of the evidence the existence of legitimate nondiscriminatory reasons for the adverse employment action and those hired or promoted were better qualified than the plaintiff). The detailed information of race, age, and gender and the application documents of the applicants who were interviewed and hired over Riddle are in the custody and control of the Defendants and those documents are discoverable and those documents will further prove Riddle's claims. (Compl. Pg 6 ¶14).Plaintiff has stated facts which are sufficient to allege a cause of action (Compl. Pgs 1-10 ¶¶I-IV & ¶¶1-21) (Compl. Exhs. 1-4a)

**1. <u>The evidence demonstrates that Riddle is qualified for the positions of which she applied to and of which Citigroup denied her.</u>**

The Defendants are misleading this court as the overwhelming evidence show that Riddle is qualified for the Citigroup jobs that she applied to and despite Defendants'contention the Defendants can not and have not offer any evidence disputing this fact. (FRCP Rule 11(b) See *Williams v. Department of Veterans Affairs* EEOC Appeal No. 07A20076 (September 22, 2003)(An EEOC AJ found that the selecting officials lacked credibility, and that the complainant had experience performing may of the duties of the position and was a more qualified candidate.)

Furthermore the positions of which Riddle applied to only require at a minimum an applicant to have a GED/High School diploma. In the instant case, Riddle has a Bachelor of Science Degree (Compl. Exh. 2) and Riddle have over 25 years of experience in the Executive/Administrative Assistant field which include prior employment at Citigroup in the position of Administrative Assistant to the Chief of Staff and Riddle have experience performing the duties of the positions of which she applied to. (Compl. Exhs.3a 3b,3c, 3d, 4a, & 6-13) (Riddle Opp. Exhs 1-17). Riddle numerous job references also supports that Riddle is well qualified for the administrative positions of which she has applied to at Citigroup.(Compl. Exhs.3a 3b,3c, 3d, 4a,) (Riddle Opp. Exhs 9-17)(Riddle's Annual Job Performance

Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs). (Defs MTD, Doc. 11-1, Exh. A, Pg 6 – which Defendants acknowledge and is herein incorporated by reference). A fact finder could conclude that given Riddle extensive experience and qualifications in the Executive/Administrative field spanning over 25 years that she is qualified for the Citigroup Executive/Administrative Assistants jobs of which she applied to. There are discoverable hiring documents which were broached by the Defendants identifying the Citigroup Job ID#, Title, Criteria, Hiring Managers, HR Managers and the Applicants that were hired in the jobs that Riddle applied to which will further prove Riddle's claims. However those documents which are discoverable are in the custody and control of the Defendants.

Despite Citigroup's contention the jobs Riddle applied to are identified and some of those Citigroup jobs that Riddle applied to are Job# 10030921-Administrative Assistant, Job# 10031129-Executive Assistant, Job#100030930-Administrative Assistant Global Banking Healthcare, Job#10031387-Administrative Coordinator -CPR, Job# 10027087-Executive Assistant, Job# 10038020-Executive Assistant, Job# 10034776-Senior Assistant-Global Banking, Job#10035841-Administrative Assistant, Job# 10036593-Senior Assistant, Job# 10037422-Executive Assistant for additional evidence of Citigroup jobs Riddle applied to please see evidence (Riddle Opp. Exhs.5-8). These evidentiary support documents of the Citigroup jobs that Riddle applied to can be judicially noticed by this Court as those documents were included in Riddle's 2008 EEOC Complaint which were sent to the Defendants by EEOC. The Defendants are continually misleading this Court with their unsupported bad faith pleadings as Defendants know that Riddle has a Bachelor of Science Degree (Compl. Exh 2) and that Riddle has over 25 years of experience in the Executive/Administrative Assistant field which as Defendants admit include prior employment at Citigroup in the position as Administrative Assistant to the Chief of Staff and that Riddle always received good Annual Job

Performance Reviews.(Riddle's Annual Job Performance Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs). Additionally, Riddle job references demonstrates that she is qualified for the Citigroup Executive/Administrative Assistant jobs.(Riddle Opp. Exhs 5-8) (Compl. Exhs.3a 3b,3c, 3d,) (Riddle Opp. Exhs 9-17). Whereas Riddle have experience performing the duties of the Citigroup job positions of which she applied to. (Compl. Exhs.3a 3b,3c, 3d) (Riddle Opp. Exhs 9-17). Furthermore it is undisputed that Riddle applied to numerous open and advertised jobs at Citigroup and Citigroup failed to hire Riddle. Citigroup offer no evidence that would refute Riddle claim that Riddle is qualified for the jobs that she had applied to. (Rule 11(b) Citigroup has in fact acknowledged Riddle claims in their Motion to Dismiss (Defs MTD, Docs 9,10,11,11-1 which Defendants acknowledge and is herein incorporated by reference). Citigroup would have this Court deny Riddle her 14th Amendment rights to due process by denying Riddle a right to discovery and a chance to to be heard. (There are discoverable hiring documents which will further prove Riddle's claims but those documents are in the custody and control of the Defendants), as well the Defendants have copies of the Citigroup jobs with the job titles and job application numbers identifying the exact jobs that Riddle applied to at Citigroup and the status of Riddle's job applications whereby all of those documents are discoverable. (Defs EEOC Ans)(Defs MTD)(Compl.)(Riddle Opp.)

2. **<u>Riddle has presented evidence that gives rise to the fact that her application were rejected under circumstances giving rise to an inference of discrimination and retaliation</u>**

There are discoverable hiring documents identifying the Citigroup Job ID#, Title, Criteria, Hiring Managers, HR Managers and the Applicants that were hired in the jobs that Riddle applied to which will further prove Riddle's claims. However those documents which are discoverable are in the custody and control of the Defendants.(Defs EEOC Ans)(Defs MTD)(Compl.)(Riddle Opp.)

A fact finder could infer that the reason Citigroup failed to hire Riddle is because of discriminatory reasons on the basis of race, age, gender and disability. By Defendants' own admission

Riddle applied to numerous jobs at Citigroup.(Defs EEOC Ans) The overwhelming evidence shows that prior to Riddle's 2008 Complaints and 2009 SDNY Complaints Citigroup had no problem hiring Riddle in a temporary Administrative Assistant position in early 2004 (Compl. Exhs.3b,3c) then Citigroup had no problem hiring Riddle in a full time Administrative Assistant position in August 2004. (Compl. Exhs.4a, ), (Riddle's Annual Job Performance Reviews 2004, 2005, & 2006 while working at Citigroup are in the custody & control of the Defs).

Looking at the evidence in light most favorable to Riddle this Court can conclude that the evidence show that only after Riddle's 2008 Complaints and 2009 SDNY Complaints, did Citigroup have a problem hiring Riddle whereby Citigroup failed and refused to hire Riddle when she applied for Citigroup's open administrative jobs in October 2010, November 2010 and December 2010 which she was qualified for. And as of this writing in January 2014, Citigroup continues the retaliation and discrimination by failing to hire Riddle in one of their open Administrative positions which Riddle is clearly qualified for. See *Kessler v. Westchester County Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" (see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993). (See *EEOC Compliance Manual 8-II(C)(4)* ("A violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer".) Here, Riddle engaged in protected activity when she filed her EEOC Complaints and SDNY complaints and Riddle suffered adverse employment action when Citigroup failed to hire Riddle.

**C. The Evidence Demonstrates that Riddle has supported her Claim for Retaliation and Riddle's Retaliation Claim is Plausible.**

See *Cronin v. St. Lawrence 2009 WL 2391861* (SDNY Aug 5, 2009) (the trial court denied employer's motion to dismiss, noting that "there is no bright line for temporal proximity, and the time lag at issue here is at least in the range of acceptable time periods, particularly if defendant had no

earlier opportunity to retaliate against plaintiff for engaging in protected activity). See *McMenemy v. City of Rochester*, 241 F.3d 279, 284 (2nd Cir. 2001) ("We think that Title VII protects an employee from any employer, present or future, who retaliates against him because of his prior or ongoing opposition to an unlawful employment practice or participation in Title VII proceedings.") In the instant case, Defendants have acknowledged Riddle's ongoing opposition to discrimination and retaliation by rehashing and broaching Riddle's prior EEOC Complaints and SDNY Complaints. (Defs MTD), (Defs EEOC Ans.). The overwhelming evidence shows that prior to Riddle's 2008 Complaints and 2009 SDNY Complaints, Citigroup had no problem hiring Riddle in a temporary Administrative Assistant position in early 2004 (Compl. Exhs.3b,3c,) then Citigroup had no problem hiring Riddle in a full time Administrative Assistant position in August 2004. (Compl)(Defs MTD) (Defs EEOC Ans.) However the evidence show that only after Riddle's 2008 EEOC Complaints and 2009 SDNY Complaints which Citigroup knew about, did Citigroup failed and refused to interview and hire Riddle when she applied for Citigroup open jobs in 2010. *EEOC v. Target Corp.*, 460 F.3d 946 (7th Cir. August 23, 2006) (Viewing all facts in the light most favorable to the EEOC and drawing all inferences in its favor, we conclude that there is a genuine issue of material fact as to whether Target's proffered reason that Armiger was too busy to interview White, Edgeston and Brown-Easley was a pretext for discriminatory action based on race. ). *EEOC v. Bankers Asset Management, Inc.*, No. 4:10-CV-002070-SWW (E.D. Ark. Apr. 18, 2012), *EEOC v. Atsalis Bros. Painting Co.*, Civil Action No. 11-cv-11296 (E.D. Mich. Mar. 9, 2012) .

Looking at the evidence in light more favorable to the Plaintiff, a fact finder could infer and/or conclude that but for the retaliation Riddle would have been hired. (See *EEOC Compliance Manual 8-II(C)(4)* ("A violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer".) See *Kessler v. Westchester County*

*Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" (see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993).

See *Coles v. Deltaville*, 2011 WL 666050 (ED Va. 2011) (in denying defendant's motion to dismiss Cole's retaliation claim, the court concluded that one may reasonably infer that Cole's former employer was informing each of Coles' new employers about the EEOC charge in order to prevent Coles from obtaining employment, and that such acts constitute direct retaliation for filing the EEOC Charge).

See *Kessler v. Westchester County Dept of Social Service* 461 F.3d 199, 205-206 (2d Cir. 2006) ( Filing a claim to complain of a violation is a "protected activity" (see e.g. *Devine v. Whelan* 1993 W.I. 350049 *3 (SDNY 1993). By the Defendants own admission, Citigroup retaliatory action of failing to hire Riddle and Citigroup by rehashing their knowledge of Riddle's protected activity whereby Riddle filed EEOC Complaints and SDNY Complaints are both direct evidence of retaliation that Citigroup is using Riddle's prior EEOC Complaints and SDNY Complaints against Riddle when making hiring decisions. (Defs MTD Doc 10 pg 7 footnote 1, Pg 6 II a). A fact finder could infer a causal connection to Riddle's 2008 EEOC Complaints and 2009 SDNY Complaints and the adverse action of Citigroup failing to hire Riddle in 2010.

See *McKenna v. City of Philadelphia,* No. 09-3567 (3d Cir. Aug. 17, 2011), (The Third Circuit held that, where the plaintiff seeks to hold an employer liable for the improper motives of a non-decisionmaker, the burden shifts from the plaintiff to the employer to prove that the decision was not substantially caused or influenced by the biased non-decisionmaker.) In *Hicks v. Forest Preserve District of Cook County, Illinois*, No. 11-1124 (7th Cir. April 18, 2012), (the Seventh Circuit upheld a jury's finding that a forest preserve district violated Title VII of the Civil Rights Act of 1964 when it retaliated against a mechanic because he engaged in protected activity.) In the instant case, there are

discoverable job application documents with names of the Hiring Managers and Human Resources Managers which will further prove Riddle's retaliation claims, those documents and information are in the custody and control of the Defendants and are discoverable. See *Robinson v. Shell Oil CO.* 519 U.S. 337, 117 S Ct. 843, 136 L. Ed. 2D 808 (1997), See *Burlington Northern & Santa Fe Ry, v.* White 548 U.S. 53 (2006). *EEOC v. Target Corp.*, 460 F.3d 946 (7th Cir. August 23, 2006) (Viewing all facts in the light most favorable to the EEOC and drawing all inferences in its favor, we conclude that there is a genuine issue of material fact as to whether Target's proffered reason that Armiger was too busy to interview White, Edgeston and Brown-Easley was a pretext for discriminatory action based on race. ). *EEOC v. Bankers Asset Management, Inc.*, No. 4:10-CV-002070-SWW (E.D. Ark. Apr. 18, 2012), *EEOC v. Atsalis Bros. Painting Co.*, Civil Action No. 11-cv-11296 (E.D. Mich. Mar. 9, 2012) .

**In Opposition to Defendants' Footnote 4 page 19**

Discoverable job application documents with names of the Hiring Managers and Human Resources Managers which will further prove Riddle's retaliation claims, those documents and information are in the custody and control of the Defendants and are discoverable. *See Kessler at 207 (quoting White at 68),*

**In Opposition to Defendants' Footnote 5 page 20**

See *Templeton v. First Tennessee Bank* 2011 W.I. 1525559 (4th Cir. April 22, 2011), the 4th Circuit held that a former employee stated a viable Title VII retaliation claim regarding her former employer's refusal to rehire here, despite the passage of approximately two years between her harassment complaint and employer' refusal to rehire her.

## IV. PLAINTIFF REQUESTS AN OPPORTUNITY TO PROCEED WITH HER CASE AND ENGAGE IN DISCOVERY IN ACCORDANCE WITH FRCP RULES 26 THROUGH 37

Citigroup can not and have not supported any of their pleadings in their Motion to Dismiss with any evidence. (FRCP 11(b). In accordance with the Federal Rules of Civil Procedures Rule 26 through

37, the Defendants are required to freely disclose information and documents to the Plaintiff's without being asked in a formal discovery. However, Defendants have failed to disclose any documents and have not supported their self-serving conclusory contentions in their Motion to Dismiss with any documents (see FRCP 26(a)(1) (see FRCP Rule 37) that could even remotely refute any of Riddle's claims despite Citigroup acknowledging fair notice by challenging Riddle's facts. Riddle have supported her claims with documented evidence both in her Complaint. (Compl – Exhibits 1-4a) and in her Opposition (Riddle Opp.-Exhibits 1-17). It is Riddle contention that there are other relevant documents which are in the custody and control of Citigroup that are crucial to the Plaintiff's case and without an opportunity to engage in discovery would placed Riddle at a disadvantage which would be highly prejudicial to Riddle's case. Accordingly, Riddle's respectfully requests that her case be allowed to proceed and allow discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Defendants' Motion to Dismiss be denied in its entirety and that Plaintiff's Complaint is allow to proceed.

Respectfully submitted,

Beverly A. Riddle

Beverly A. Riddle
Plaintiff, Pro Se
315 Seventh Avenue 8E
New York, NY 10001
646-422-9759 and 212-539-3026

New York, NY
January 17, 2014

| | |
|---|---|
| Beverly A. Riddle,<br>Plaintiff – Appellant,<br><br>v.<br><br>Citigroup, Citibank NA, Citi, Citigroup Global Markets et al.<br><br>Defendants – Appellees. | **CERTIFICATE OF SERVICE**<br>**Docket Number 13 cv 6833 (AKH)** |

RECEIVED
2014 JAN 22 P 7:23
US DISTRICT COURT SDNY

I, Beverly A. Riddle, hereby certify under penalty of perjury that I have served a copy by way of United States Postal Service, postage paid of the attached documents, PLAINTIFF'S AFFIRMATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT AND PLAINTIFF'S EXHIBITS IN SUPPORT, which are dated January 17, 2014, to Ira G. Rosenstein, Esq. and Melissa D. Hill, Esq. who are Attorneys for Defendants Citigroup, Citibank NA, Citi whose address is Morgan Lewis & Bockius LLP, 101 Park Avenue, New York 10178.

Beverly A. Riddle

Beverly A. Riddle
Plaintiff, Pro Se

New York, NY
January 17, 2014

Affirmation of Service

Riddle v. Citigroup et al.
13 cv 6833 (AKH)

January 17, 2014

RECEIVED
2014 JAN 22 P 1:23
U.S. DISTRICT COURT SDNY

**Attached are true and correct copies of Plaintiff's Exhibits in Support of Plaintiff's Affirmation in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss**

Beverly A. Riddle

| EXHIBIT | DESCRIPTION OF EXHIBIT |
|---|---|
| Exhibits 1-4a | Riddle Exhibits located in the Complaint and which are already in the possession of this Court and the Defendants |
| Exhibit 5 | Riddle Executive/Administrative Assistant Job Applications at Citigroup/Citi |
| Exhibit 6 | Riddle Job Applications at Citigroup/Citi |
| Exhibit 7 | Riddle Job Applications at Citigroup/Citi |
| Exhibit 8 | Riddle Job Applications at Citigroup/Citi |
| Exhibit 9 | Riddle Job Reference Letter (Macy*s) |
| Exhibit 10 | Riddle Job Reference Letter (Revlon) |
| Exhibit 11 | Riddle Job Reference Letter (Revlon) |
| Exhibit 12 | Riddle Job Reference Letter (Revlon) |
| Exhibit 13 | Riddle Job Reference Letter (Revlon) |
| Exhibit 14 | Riddle Job Reference Letter (Revlon) |
| Exhibit 15 | Riddle Job Reference Letter (Liz Claiborne) |
| Exhibit 16 | Riddle Job Reference Letter (Temp Connection) |
| Exhibit 17 | Riddle Job Reference Letter (TIAA-CREF) |

EXHIBITS

EXHIBIT 1

EXHIBIT 5

citi Citi never sleeps

Home Search Jobs University Programs Our Regions About Citi Accessibility Site Help

Beverly Riddle, you are signed in. | My Account Options

My Job Cart (0 items) | Sign Out

Job Search My Jobpage

My Submissions| My Job Cart | My Saved Searches |

**My Submissions (28 job submissions found)**

This page displays all relevant details related to your draft and completed submissions.

Submissions per page:
100

Candidate Profile
Take a few minutes to create or modify your employment profile and to specify your preferred working criteria for future openings matching your interests.
Access my profile

Icon legend
More information
Draft submission
Completed submission

**Draft Submissions**

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Sep 24, 2010 – Job Number: 10031129
Job Status: Inactive (No Longer Accepting Job Submissions)
View Submission

**Completed Submissions**

**Senior Executive Assistant - Institutional Clients Group** - Full-time
NAM-USA-New York
Job Posting : Jan 4, 2011 – Job Number: 11000080
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Senior Assistant (Legal)** - Full-time
NAM-USA-New York
Job Posting : Jan 6, 2011 – Job Number: 11000426
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Executive Assistant - (Human Resources)** - Full-time
NAM-USA-New York
Job Posting : Jan 5, 2011 – Job Number: 11000286
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Executive Assistant - Global Banking (Health Care)** - Full-time
NAM-USA-New York
Job Posting : Jan 3, 2011 – Job Number: 11000077
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Senior Executive Assistant - Global Banking (Energy)** - Full-time
NAM-USA-New York
Job Posting : Jan 4, 2011 – Job Number: 10030572
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Executive Assistant - Global Banking (M&A)** - Full-time
NAM-USA-New York
Job Posting : Jan 3, 2011 – Job Number: 11000079
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Senior Executive Assistant - Institutional Clients Group** - Full-time
NAM-USA-New York
Job Posting : Jan 10, 2011 – Job Number: 11000081
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Executive Assistant** - Full-time
NAM-USA-New York

EXHIBIT 1

EXHIBIT 6

Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 14, 2011
View/Edit Submission

**Senior Assistant** - Full-time
NAM-USA-Connecticut, NAM-USA-New York
Job Posting : Dec 29, 2010 – Job Number: 10042216
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 3, 2011
View/Edit Submission

**Executive Assistant - CSS Information Solutions** - Full-time
NAM-USA-New York
Job Posting : Dec 14, 2010 – Job Number: 10040502
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 31, 2010
View/Edit Submission

**Senior Assistant (CIRA)** - Full-time
NAM-USA-New York
Job Posting : Dec 27, 2010 – Job Number: 10039825
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 31, 2010
View/Edit Submission

**Executive Assistant-Chief Data Office** - Full-time
NAM-USA-New York
Job Posting : Dec 23, 2010 – Job Number: 10041937
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 31, 2010
View Submission

**Senior Assistant** - Full-time
NAM-USA-New York
Job Posting : Dec 15, 2010 – Job Number: 10040779
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 12, 2011
View Submission

**Senior Assistant - National Training** - Full-time
NAM-USA-New York
Job Posting : Nov 30, 2010 – Job Number: 10038861
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 3, 2010
View/Edit Submission

**Senior Assistant** - Full-time
NAM-USA-New York
Job Posting : Nov 30, 2010 – Job Number: 10038867
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 3, 2010
View/Edit Submission

**SENIOR ASSISTANT** - Full-time
NAM-USA-New York
Job Posting : Dec 3, 2010 – Job Number: 10038731
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Jan 10, 2011
View Submission

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Dec 3, 2010 – Job Number: 10025953
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 3, 2010
View/Edit Submission

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Nov 24, 2010 – Job Number: 10033433
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Nov 28, 2010
View Submission

**Executive Assistant - Growth Ventures & Innovation** - Full-time
NAM-USA-New York
Job Posting : Dec 28, 2010 – Job Number: 10038239
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 23, 2010
View Submission

EXHIBIT 7

NAM-USA-New York
Job Posting : Nov 3, 2010 – Job Number 10035841
Job Status. Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 7, 2010
View/Edit Submission

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Nov 22, 2010 – Job Number 10027087
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Nov 22, 2010
View Submission

**Senior Assistant** - Full-time
NAM-USA-New York
Job Posting : Dec 14, 2010 – Job Number: 10036593
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 13, 2010
View/Edit Submission

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Nov 16, 2010 – Job Number: 10037422
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 14, 2010
View Submission

**Executive Assistant** - Full-time
NAM-USA-New York
Job Posting : Nov 22, 2010 – Job Number: 10038020
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Nov 22, 2010
View Submission

**Senior Assistant - Global Banking (Communications Group)** - Full-time
NAM-USA-New York
Job Posting : Jan 10, 2011 – Job Number: 10032124
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Nov 22, 2010
View/Edit Submission

**Senior Assistant — Global Banking (Technology Group)** - Full-time
NAM-USA-New York
Job Posting : Jan 10, 2011 – Job Number: 10034776
Job Status: Active (Accepting Job Submissions)
Submission Status: Completed– Updated: Nov 22, 2010
View/Edit Submission

**Administrative Assistant/Communications Coordinator** - Full-time
NAM-USA-New York
Job Posting : Nov 23, 2010 – Job Number: 10035366
Job Status: Inactive (No Longer Accepting Job Submissions)
Submission Status: Completed– Updated: Dec 10, 2010
View Submission

My Submissions - Page 1 of 1 **Previous | 1 | Next**

Powered by **Taleo**

citigroup.com Terms of Use Careers at Citi Privacy Policy Additional Terms

Citigroup com is the global source of information about and access to financial services provided by the Citigroup family of companies. Copyright © 2010 Citigroup Inc All Rights Reserved

This site is not intended for distribution to, or use by, any person or entity in any jurisdiction or country where such distribution or use would be contrary to local law or regulation

Citigroup Inc and its subsidiaries ("Citi") are equal opportunity employers M/F/D/V and do not discriminate on the basis of any legally protected status or characteristic. Nothing in this site constitutes a promise or offer of employment. For purposes of this site, "Citigroup" means Citigroup Inc., its subsidiaries, and their affiliates

EXHIBIT 8

**Additional Completed Submissions to Citigroup - Job Applications**

| Job Number | Job Title | Date of Job Application |
|---|---|---|
| 10030921 | Administrative Assistant | 10-03-2010 |
| 10031129 | Executive Assistant | 10-03-2010 |
| 10030930 | Administrative Assistant - Global Banking Healthcare | 10-03-2010 |
| 10031387 | Administrative Coordinator - CPR | 10-03-2010 |
| 10030569 | Sr. Executive Assistant | 10-03-2010 |
| 10032851 | Executive Assistant - GTS | 10-08-2010 |
| 10030572 | Sr. Executive Assistant - Global Banking | 10-08-2010 |
| 10033125 | Sr. Assistant - Global Banking (Energy) | 10-08-2010 |
| 10032124 | Executive Assistant - Global Banking - Communication Group | 10-10-2010 |
| 10032120 | Administrative Assistant - Global Banking - Financial Institutions | 10-10-2010 |
| 10030579 | Executive Assistant - Global Banking - Consumer | 10-10-2010 |
| 10033433 | Executive Assistant | 10-16-2010 |
| 10032118 | Executive Assistant - GTS | 10-16-2010 |
| 10033614 | Administrative Assistant - GTS Website | 10-16-2010 |
| 10033588 | Executive Assistant - Human Resources | 10-16-2010 |
| 10033347 | Executive Assistant - Audit Risk & Review | 10-17-2010 |
| 10032053 | Executive Assistant - TT Client | 10-17-2010 |

EXHIBIT

EXHIBIT 9

LINENS N THINGS
THE HOME FURNISHINGS SUPERSTORE

March 25, 1999

Recommendation Letter for Beverly Riddle:

Beverly Riddle was my executive assistant for 5 years beginning in 1990 until November 1995. In that time, she proved to be an extremely capable executive who showed the ability to handle the many, varied demands of the retail business.

Ms. Riddle came into the job with little computer knowledge. She made it her priority not only to become proficient but also to become an expert on the personal computer. Those persons whom she worked with considered Ms. Riddle a resource. She spent a considerable amount of her own time working with others to help them with their personal computer skills.

Ms. Riddle adapts well to change. In the 5 years that we worked together, we moved to a variety of assignments, each with very different needs and priorities. She adjusted to the changing demands of the various positions with a positive, can-do attitude and a no-nonsense, business-like approach that has earned her the respect of her peers, as well as my subordinates. She has dealt with executives at all levels of the company (Macy's) and always acted professional. Ms. Riddle always handled sensitive interpersonal situations with tact and discretion.

Ms. Riddle can always be counted on to put in whatever time is necessary to get the job done. She purchased a personal computer for home use at her own expense so that she could bring work home; to work on projects that required the extra time or that she could not finish during a normal business day. She adjusts easily to the changing priorities of the day.

During the five years that I worked with Ms. Riddle, she proved to be a hard-working, trustworthy, loyal. executive assistant who has grown professionally with each assignment. Ms. Riddle's skills, positive attitude and willingness to do whatever is necessary to get the job done give me the confidence to say that she will be a major contributor in any assignment.

Sincerely,

J. Kaufman

Jeffrey Kaufman
Vice President, GMM
Linens 'n Things
(973) 614-2020

REVLON

Exhibit 10

625 Madison Avenue
New York N.Y 10022
(212) 527-6052

Cheryl L. Vitali
Executive Vice President & General Manager
Global Revlon Brand Equity Group

May 29, 2001

To Whom It May Concern:

Beverly A. Riddle joined Revlon on March 13, 2000. Beverly is an enthusiastic employee who has been a great resource to the Marketing Department. She is very attentive to detail, professional, courteous and takes extreme pride in her work. Beverly customarily takes pride in ensuring that her projects are completed thoroughly and as an added bonus she is attentive to follow through on those details that make a project successful. Beverly is experienced in dealing with Executives at all levels within Revlon. Her computer skills are very good.

Unfortunately, Beverly's position was eliminated on April 30, 2001 in connection with a restructuring of the Marketing organization. We wish her well in her future endeavors.

Sincerely,

Cheryl Vitali

Cheryl Vitali

REVLON
625 Madison Avenue
New York, N.Y. 10022
(212) 527-4000

EXHIBIT 11

July 19, 2000

To Whom It May Concern:

In a very short period, Beverly Riddle has proven to be a highly dependable and trustworthy individual, as well as an important part of the Revlon Marketing team.

Ms. Riddle takes pride in her work and is very meticulous with each and every assigned task. Ms. Riddle can be counted on to see each task through to its completion, even if this means staying overtime, which she does without hesitation. Ms. Riddle has demonstrated a propensity of accuracy in her work and puts thought into giving whatever help is necessary in support of not only the Vice President of Marketing but the Product Managers and Associate Product Managers as well. Ms. Riddle is very adept on the computer and is willing to assist others whom may need her assistance.

My Executive Assistant, Ms. Riddle began in March 2000 and has quickly demonstrated that she is a highly dependable, industrious and trustworthy individual and employee. I am happy to have her as part of the Revlon team.

If you have questions, I may be reached at (212) 527-4776.

Sincerely,

Linda M. Baboulis

Linda M. Baboulis
Vice President, Marketing
Revlon

REVLON
625 Madison Avenue
New York, N.Y. 10022
(212) 527-4000

EXHIBIT 12

October 10, 2000

To Whom It May Concern:

Since joining Revlon as an Executive Assistant in March 2000, Beverly Riddle has provided me with administrative support. Beverly is extremely conscientious and takes pride in making certain that all her projects are completed thoroughly, with high quality and in a timely manner. Beverly is extremely professional in both how she manages her workload as well as in how she works with all individuals within the organization. It has been a pleasure to work with Beverly both professionally and personally.

I am certain that Beverly would make a favorable impact on any organization she worked with.

Very truly yours,

Joseph A. DiBartolo
Director
Business Analysis / Marketing

REVLON
625 Madison Avenue
New York, N.Y. 10022
12) 527-4000

EXHIBIT 13

September 22, 2000

To Whom It May Concern:

I have worked with Beverly Riddle for the past four months and it is with pleasure that I provide a letter of reference in support of her performance. Beverly has been a great resource and has helped significantly in areas above and beyond her assigned responsibilities.

Beverly has mastered her job responsibilities, which include letters, presentations, scheduling meetings, and general follow up and follow through. She always performs tasks thoroughly, quickly and completely, ensuring all details are correct. Additionally, she will not hesitate to question direction that is unclear in order to guarantee that tasks are performed accurately and timely.

I have had the opportunity to work with several of the assistants at Revlon and Beverly is one of the best. In my experience, what sets Beverly apart from some of her peers is her dedication. She takes extreme pride in her work and is always willing to stay late in order to finish assignments big and small. I cannot think of an instance where any detail has "fallen through the cracks."

In a work environment that is extremely hectic and disorganized, she always handles the myriad of tasks that come her way with politeness and a smile. As such, I believe that any organization would consider her a great asset.

Sincerely,

Paul Schiraldi
Senior Brand Manager

REVLON
625 Madison Avenue
New York, N.Y. 10022
(212) 527-4000

EXHIBIT 14

July 20, 2000

Dear Sir or Madam:

Beverly Riddle is an Executive Administrative Assistant reporting to me as well as two additional Executives. Some of her responsibilities include; scheduling meetings, PowerPoint presentations and Excel spreadsheets, managing an executive calendar and monitoring inventory of our product closet as well as general administrative duties.

Beverly is a very reliable person who is responsive to changing priorities and always takes the initiative to inquire about additional assignments. She cooperates within a team environment and projects a positive, professional image and attitude.

Beverly Riddle is an asset to this organization.

Cordially,

Michelle Williford

Michelle D. Williford
Associate Product Manager

Exhibit 15

LIZ CLAIBORNE ACCESSORIES
1440 BROADWAY
NEW YORK, NY 10018
TEL 212 354 4900
FAX 212 626 5596

liz claiborne

March 12, 1999

Dear Beverly:

I am pleased to provide the enclosed Bonus Award under our Pay for Performance Program in recognition of your contribution to our results in 1998. This reflects the achievement of our business unit and the Partnership Pay contribution of the Company.

Our Pay for Performance program provides a great opportunity for rewards, but at the same time, there are significant risks involved. Since business results fund the annual incentive bonus pools, there is a direct impact on individual performance rewards.

In the Handbag/Small Leather Goods division, we perceived 1998 as the year we began to turn the corner. All the work and effort we put forth in 1998 will serve as the base for a more successful 1999. We know that many of you have gone above and beyond to get the job done. We owe you our deepest thanks and know that we can count on the great team spirit of this division to carry us through and give us a more rewarding '99.

Sincerely,

Kathy Robson

EXHIBIT 16

## EVALUATION QUOTATIONS

As you know, Temp Connection's success depends largely on our Associate's professionalism and the quality performance you deliver to our clients while on assignment. We receive some very positive feedback from our clients regarding the outstanding performance of our Associates and we would like to share some excellent evaluations that we received recently:

| | |
|---|---|
| **Alexa Brito** | "She was delightful and I would be happy to have her back any time I am in need of temporary help." |
| **Pedro Nieves** | "He was so good that I am looking for a permanent opening for him. I was out on the last day of his assignment and he left me thank you note. He was the best!" |
| **Rogelia Parris** | "He was excellent. Very cooperative and helpful. I would most definitely request him back." |
| **Cynthia Fellowes** | "I would love to have her stay, but unfortunately she completed the job. I will definitely request her back when I have another need." |
| **Crystal Maddox** | "Crystal did a great job. I am sorry to see her go. We will request her back whenever we have a future need." |
| **Joan Welch** | "Joan was very dependable and consciencious. She is always cooperative and friendly. She is a pleasure to work with." |
| **Beverly Riddle** | "We could have gotten Beverly a permanent position in New Jersey. She was exceptional and we would like to have her back to work with us in the future." |

We would like to take this time to thank all of our Associate's for their hard work and efforts. Keep up the good work and it will surely pay of for all of us! We couldn't do it without you!

Exhibit 17

April 6, 1999

To whom it may concern,

This letter of reference is to confirm that Beverly Riddle was assigned to TIAA-CREF's Premium division in 1984. In that year she held several secretarial assignments in support of this large division. Her work was reliable and exemplary.

If you may have any further questions regarding her work you may contact me at (800) 842-2733.

Thank you.

Evan Fishman

Evan Fishman
Change Facilitation Manager

FROM
BEVERLY A. Riddle
315 7th Ave #8E
NYC 10001

CASE #
13-CV 6833 (AKH)

USM 5W
SDNY

TO:
SDNY
500 Pearl St
NY, NY 10007
ATTN: PRO Se Office
ROOM 200