UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

BEVERLY A. RIDDLE,

                       Plaintiff,

      -against-

CITIGROUP, CITIBANK N.A., CITI, and
CITIGROUP GLOBAL MARKETS,

                       Defendants.

------------------------------------------------------------- x

**ORDER GRANTING MOTION TO DISMISS**

13 Civ. 6833 (AKH)

ALVIN K. HELLERSTEIN, UNITED STATES DISTRICT JUDGE:

       Plaintiff Beverly A. Riddle, proceeding *pro se*, asserts employment discrimination claims against Defendants Citigroup, Citibank N.A., Citi, and Citigroup Global Markets (together, the "Citibank Defendants"). She asserts that between October and December 2010, she applied for numerous positions with the Citibank Defendants and that their failure to hire her was a result of: (1) retaliation, because she had previously filing a Equal Employment Opportunities Commission ("EEOC") complaint and a lawsuit against Citigroup; (2) discrimination on the basis of race, because she is an African American; (3) age discrimination, because she was 53 years old at the time; and (4) gender discrimination, because she is a woman.

       The Citibank Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed a motion to dismiss. For the following reasons, their motion is granted and Riddle's complaint is dismissed with leave to replead.

### STANDARD APPLICABLE TO 12(b)(6) MOTIONS

       Federal Rule of Civil Procedure 12(b)(6) provides for dismissal upon a plaintiff's "failure to state a claim upon which relief can be granted." In reviewing the Citibank

1

Defendants' motion to dismiss, the Court "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). The Court treats the facts alleged in Riddle's complaint as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and construes her complaint liberally because she drafted it *pro se, Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain enough facts to state a claim to relief that is plausible on its face. A complaint "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will "naked assertion[s] devoid of further factual enhancement." *Id.* (alteration in original; internal quotations omitted).

## BACKGROUND

This lawsuit succeeds a previous lawsuit and discrimination complaint against the Citibank Defendants. Riddle was hired by Citigroup as a part-time administrative assistant in January 2004, and thereafter promoted to a full-time position in August of that year. On April 18, 2007, she was laid off as part of an effort by Citigroup to downsize its Manhattan offices. After being laid off, on April 13, 2008, Riddle filed an employment discrimination complaint with the EEOC. On June 22, 2009, she then filed a lawsuit against the Citigroup Defendants, *Riddle v.*

*Citigroup et al*, 1:09-cv-05805-AKH (S.D.N.Y.). That lawsuit was eventually dismissed by this Court on April 19, 2013. The Second Circuit affirmed the dismissal on April 15, 2014.[1]

In this case, Riddle claims that between October and December 2010—while her first law suit against the Citibank Defendants was pending—she applied for "numerous jobs" with the Citibank Defendants "in response to advertised and open administrative positions (Executive Assistant, Secretary, Assistant, etc.)." She does not identify the specific positions she applied for, or the qualifications posted for those positions. Riddle claims that she was qualified for these unidentified positions based on "over 25 years of Executive Administrative experience in a variety of fields" and her Bachelors and Associates degrees in Marketing and Fashion.

Riddle was not hired for any of the positions she applied to. She filed a complaint with the EEOC on January 11, 2011 and was issued a right to sue letter on June 29, 2013.

Riddle now claims that the Citibank Defendants' failure to hire her was a result of the following:

- Discrimination on the basis of disability, because of her medical history of depression and allergies. She claims that Citigroup knew of her medical record. In support of this claim, Riddle relies on: (1) a March 12, 2013 doctor's note (which could not have been seen by anyone at Citigroup in connection with her application), and (2) a July 19, 2004 voluntary disability declaration that Riddle completed when she worked for Citigroup.
- Discrimination on the basis of her race and color, because she is an African-American. In support of this claim, Riddle asserts that Citi "continues to hire Caucasians."
- Discrimination on the basis of her age, because she is over fifty years old.

---

[1] The history of Riddle's first lawsuit, is more fully described in the Second Circuit's decisions in *Riddle v. Citigroup*, 449 F. App'x 66 (2d Cir. 2011) (affirming dismissal of lawsuit in part, and vacating in part), and *Riddle v. Citigroup*, 13-1975-CV, 2014 WL 1421277 (2d Cir. Apr. 15, 2014) (unpublished) (affirming dismissal of law suit).

- Discrimination on the basis of gender/sex, because she is a woman. In support of this claim, Riddle asserts that Citi has hired and rehired "white Caucasian men."
- Retaliation, because of her internal complaints about discrimination, her previous EEOC complaint, and her previous lawsuit. As an example of internal complaints, Riddle asserts that Citigroup knew that Riddle "previously opposed being called a slave by a Citigroup Manager" and that she had opposed Citigroup Management's targeting of African Americans for layoffs in April 2008.

## DISCUSSION

In their motion to dismiss, the Citibank Defendants argue that Riddle has not stated a claim for employment discrimination or retaliation. Because Riddle is proceeding *pro se*, and has not identified what legal theories she proceeds under, I begin by considering whether she has stated a claim for relief under the relevant federal laws, Title VII of the Civil Rights Act, the Americans with Disabilities Act, or the Age Discrimination in Employment Act.

### I.  Federal Race, Gender, Age, and Disability Discrimination Claims:

Under the relevant federal laws, in order to state a claim of employment discrimination based on a failure to hire, a complaint must set forth factual circumstances from which the Court can infer that it is plausible that the plaintiff was not hired because of unlawful discrimination.[2] In this case, Riddle's complaint does not set forth any facts supporting an inference that she was discriminated against on account of her race, gender, age, or disability.

---

2   *See Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (affirming dismissal of Title VII claim, because complaint did not "set forth any factual circumstances from which a [discriminatory] motivation for [an adverse employment] action might be inferred"); *Payne v. Malemathew*, 09-CV-1634 CS, 2011 WL 3043920 (S.D.N.Y. July 22, 2011) (dismissing ADEA claim, because complaint did not set forth facts supporting an inference of discrimination); *Munoz-Nagel v. Guess, Inc.*, 12-CV-1312 ER, 2013 WL 1809772 (S.D.N.Y. Apr. 30, 2013)

4

To begin with, her complaint does not include any factual details about the qualifications associated with the jobs she applied for.[3] Without specific factual allegations regarding those qualifications, the Court is left to speculate whether Riddle was even qualified for the positions that she applied to. *Cf. Norton v. Sam's Club*, 145 F.3d 114, 118 (2d Cir. 1998) (noting that, in order to establish a *prima facie* claim of discrimination, a plaintiff must allege that he was "qualified for the position" that he did not receive). Riddle's complaint thus fails to allege facts suggesting that she was not hired for these positions for any reason other than that she was unqualified.

Additionally, Riddle has not identified any facts suggesting that the Citibank Defendants did not hire her *because* of her race, gender, age, or disability. Riddle's complaint alleges that the Citibank Defendants have hired white Caucasian males and interns. But, the mere fact that the Citibank Defendants have hired people who are of a different race, gender, and age from Riddle does not suggest that the Citibank Defendants failed to hire *her* on account of her race, gender, or age. Nor does the fact that Riddle in 2004 self-identified as disabled suggest that the Citibank Defendants took that self-identification into account six years later when they declined to hire her. Riddle's allegations of employment discrimination boil down to the claim that she is an African-American woman who is over fifty years old and self-identifies as disabled and she was not hired. Without additional facts, this does not constitute a plausible discrimination claim. *See Ortiz v. Standard & Poor's*, 10 CIV. 8490 NRB, 2011 WL 4056901

---

(dismissing ADA claim because plaintiff's complaint did not "include any factual allegations from which it can be inferred that [defendant] did not hire her because of her alleged disability").

[3] Riddle's opposition to the motion attaches a list of jobs that she applied for. But documents attached to an opposition to a motion are not equivalent to allegations in a complaint. Furthermore, listing job applications does not show the qualifications for those jobs.

5

(S.D.N.Y. Aug. 29, 2011) ("The fact that plaintiff was (a) fifty-nine years old and (b) terminated, cannot, without more, constitute a plausible age discrimination claim.").[4]

Accordingly, Riddle's race, gender, age, and employment discrimination claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act are dismissed.

## II.   Federal Retaliation Claims:

In this Circuit, an employer who fails to rehire an otherwise-qualified former employee who has brought litigation against the employer may be guilty of retaliation if that litigation is a reason for not rehiring the employee. *Weissman v. Dawn Joy Fashions*, 214 F.3d 224, 234 (2d Cir. 2000).[5] In order to state a claim for retaliation under Title VII, "a plaintiff must plead facts that would tend to show that: (1) she participated in a protected activity known to the defendant; (2) the defendant took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action." *Patane*, 508 F.3d at 115.

In this case, Riddle engaged in protected activity—she alleges that she complained about discrimination, she filed an EEOC complaint, and she filed a lawsuit—and the

---

[4]   Additionally, the fact that the Citibank Defendants hired Riddle in 2004 and promoted her in 2007 undermines the plausibility of her claims that she was not hired because of her race, gender or disability.

[5]   *But see Carr v. Health Insurance Plan of Greater NY*, 99 CIV. 3706 (NRB), 2001 WL 563722, at *9 (S.D.N.Y. May 24, 2001) (questioning *Weissman*'s wisdom). Judge Buchwald wrote:

> [t]he very existence of litigation between an individual and his former employer indicates that a serious breakdown in th[eir] relationship has occurred. . . . Thus, requiring a defendant to rehire an otherwise qualified former employee in litigation with the defendant might well create significant and deleterious effects in the workplace.

6

Citibank Defendants failed to hire her. The question is whether her complaint alleges facts suggesting a causal connection between the protected activity and their failure to hire her.

Riddle has two arguments on this point. First, there is temporal proximity. The fact that the Citibank Defendants declined to hire Riddle *while* her lawsuit against the defendants was pending could be considered a circumstance supporting an inference of retaliation. *See Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001) ("In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by showing that the protected activity was closely followed in time by the adverse employment action." (quotation and alteration omitted)). But, courts are skeptical about the notion that temporal proximity alone will raise an inference of retaliation in failure to hire cases, since it would be easy to manufacture discrimination law suits by applying to an employer whom the job applicant sued. *See, e.g., Alvarado v. Manhattan Worker Career Ctr.*, 01 CIV. 9288 (CBM), 2002 WL 31760208 (S.D.N.Y. Dec. 10, 2002); *Carr*, 2001 WL 563722, at *9. In this case, although Riddle alleged temporal proximity, temporal proximity alone is not enough to plausibly suggest an inference of discrimination. *Cf. Carr*, 2001 WL 563722, at *9 (warning of the danger that, by alleging that a former employer failed to hire a plaintiff in retaliation, "a plaintiff may bootstrap additional and unmeritorious claims to a discrimination lawsuit merely by reapplying for his former job, and subsequently being rejected from it").

Second, in addition to temporal proximity, Riddle argues on the basis of a question: how could she have been hired in 2004 and rejected in 2010? She argue that the only

7

difference was her EEOC complaint and her lawsuit.[6] Riddle's inference cannot substantiate for plausible pleading. Riddle also most show facts about the positions she sought and her qualifications.

In sum, since Riddle's complaint does not allege that she was qualified for the jobs that she applied for, it does not plausibly allege facts supporting the inference that the Citibank Defendants' failure to hire her was in retaliation. Therefore Riddle's federal retaliation claims under Title VII of the Civil Rights Act, the Americans with Disabilities Act, and the Age Discrimination in Employment Act are dismissed.

### III.  State Claims:

Riddle's complaint also purports to assert discrimination and retaliation claims under New York state law. As to those, 28 U.S.C. § 1367(c)(3) states, in relevant part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a [state-law claim] if ... the district court has dismissed all claims over which it has original jurisdiction." The decision whether to exercise supplemental jurisdiction over the remaining state-law claims is left to the court's discretion. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 392 (2d Cir. 2007). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York–Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). As this is the usual case, I decline to exercise supplemental jurisdiction over Riddle's remaining state-law claims and dismiss those claims, without prejudice.

---

[6] Citibank responds by arguing that there is no specific factual allegation that the people who dealt with Riddle's previous complaints were involved in the decision not to hire Riddle. But, on a Rule 12(b)(6) motion, it is not enough to argue that a different set of human resources people negates an issue of discrimination.

8

**IV.     Leave to Replead:**

For the foregoing reasons, Riddle's federal and state law claims are dismissed and the Citibank Defendants' motion to dismiss is granted. "[I]t is the usual practice upon granting a motion to dismiss to allow leave to replead." *See Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013). But, a district court may refuse to grant leave to replead where there is a justifying reason, "for example, where a plaintiff is unable to allege any fact sufficient to support its claim, or where the amendment would not serve any purpose." *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 370 (S.D.N.Y. 1997) (quotations and alteration omitted). The Citibank Defendants argues that the Court should deny leave to replead because of the danger that former employees will apply for jobs in order to manufacture frivolous failure to hire claims. This is certainly a danger that courts must take seriously. For example, in *Becker v. Dunkin' Donuts of Am., Inc.*, 665 F. Supp. 211, 216 (S.D.N.Y. 1987), this Court enjoined a plaintiff, who made a business of litigation, from filing job applications which could be used to manufacture claims that a company had failed to hire him in retaliation for past charges. However, courts are charged with striking a balance between a plaintiff's opportunity for a day in court and a defendants' right to be free from such vexatious litigation.

In this case, the Court cannot now say that giving Riddle leave to replead would be futile. As discussed above, one of the main flaws in Riddle's complaint is her failure to plead facts establishing that she was qualified for the jobs she was rejected from. Accordingly, the Court grants leave to replead.

## CONCLUSION

For the foregoing reasons, Riddle's complaint is dismissed with leave to replead.

Riddle may, on or before August 22, 2014, file an amended complaint consistent with this order.

The Clerk of Court shall mark this case closed.

      SO ORDERED.

Dated:     New York, New York
             May 28, 2014

                                            ALVIN K. HELLERSTEIN
                                            United States District Judge